## State of Vermont
## Superior Court—Environmental Division

====================================================================
# ENTRY REGARDING MOTION
====================================================================

**In re Memorial Hall Renovations & Additions Permit Appeal**     Docket No. 128-9-13 Vtec
**(Appeal from Town of Wilmington DRB approval)**

Title: Motion to Dismiss (Filing No. 1)

Filed: October 3, 2013

Filed By: Robert M. Fisher, attorney for Applicant Town of Wilmington

Opposition to Motion filed on 10/9/13 by John R. Canney, III, attorney for Appellants Cynthia Beaudette and Alice Richter.

Response to Opposition filed on 10/11/13 by the Town of Wilmington

Reply to Oppositional Response filed on 10/17/13 by Appellants Beaudette and Richter

Sur-Reply filed on 10/21/13 by the Town of Wilmington

  X  Granted              ____ Denied              ____ Other

The Court conducted a hearing (by telephone) on November 18, 2013 on the pending motion.  After hearing arguments from Attorneys Fisher and Canney, the Court concluded that the applicable law required that the Court **GRANT** the request by the Town of Wilmington ("Town") to dismiss the appeal of Cynthia Beaudette and Alice Richter ("Appellants").  The Court announced its reasons for dismissal on the record of the November 18, 2013 hearing.  This Entry Order is issued to provide a written summary of the legal analysis the Court relied upon in dismissing the pending appeal.

The Town applied for a permit to complete renovation work on a public facility known as Memorial Hall, located at 14 West Main Street.  The proposed work includes the construction of an elevated deck for HVAC equipment, replacement of a handicap access ramp, insulation, and interior renovations.  Because the elevated deck would encroach entirely into the ten-foot rear setback, the Town requested a variance or waiver for its construction, solely to provide space for the new HVAC equipment.

The Town of Wilmington, through its Zoning Administrator, posted and mailed notices of the pending application and the August 19, 2013 hearing before the Town of Wilmington Development Review Board ("DRB").  The postings and mailings were completed on August 2, 2013.  The DRB completed its hearing and determined that the proposed elevated deck did not need a variance or waiver from the rear yard setback requirement, since it was a "mechanical accoutrement" and not meant for human occupancy.  The DRB issued its decision on August 26, 2013.  See In re Town of Wilmington (Memorial Hall), Case #2013-065, slip op. at 3, 5 (Tn. of Wilmington DRB Aug. 26, 2013).

Appellants filed their Notice of Appeal with this Court on September 26, 2013, 31 days after the DRB decision.* In response to Appellants' appeal, the Town filed its motion to dismiss, asserting that since neither of the Appellants participated in the DRB proceedings, they did not have standing to appeal the DRB decision. In support of its motion to dismiss, the Town provided the Affidavit of its Zoning Administrator, who represents that she mailed each of the Appellants a copy of the DRB hearing Notice on August 2, 2013, but that neither of Appellants appeared or presented information or concerns to the DRB. See (Herrick Aff., filed Oct. 3, 2013).

In response, Appellants assert that neither of them received the August 2, 2013 Notice for the DRB hearing. They provide no evidence, however, to refute the Town's representation that a timely Notice was mailed to each Appellant at the address they last provided to the Town, which is the same address used to notify Appellants of their tax assessments and tax bills for their adjoining properties. Rather, Appellants argue that the Court should allow their appeal to proceed based upon their representation that they did not receive the Notice, even though they do not deny the Town's assertion.

Appellants make a sincere and sympathetic argument, but we regret that the applicable law does not allow their appeal to go forward. Our Legislature has chosen to limit standing to appeal a land use determination to those individuals who have "participated" in the municipal proceedings that resulted in the decision they seek to appeal. See 10 V.S.A. § 8504(a) and 24 V.S.A. § 4471(a). There are limited exceptions to this participation requirement,† and Appellants seek to invoke one of those exceptions by asserting that the Town's Notice of hearing was deficient, since it was not delivered to them either in hand or by certified mail.

The manner in which the Town delivered the Notice to Appellants did not provide the ideal assurance that Appellants would receive that notice, but it complies with the statutory notice obligations established by our Legislature. Pursuant to 24 V.S.A § 4464(a)(1), the Town provided notice fifteen days in advance of the DRB hearing by publishing the Notice in a newspaper, posting it in three public places, and mailing a copy to all adjoining property owners, including Appellants. The Town chose to mail these notices to the adjoining property owners by regular first class mail, postage pre-paid. These mailing and notice procedures are not prohibited by the applicable laws. Id.

Appellants assert that the Town was required to deliver its notice by hand or certified mail pursuant to 24 V.S.A § 4464(a)(3), but that provision contains no such requirement. Rather, by providing that an "applicant may be required" to demonstrate notice by hand delivery or certified mail, § 4464(a)(3) merely allows a municipality to direct such delivery, but the statute does not require it. Id (emphasis added).

Appellants also take issue with the fact that the Zoning Administrator's certification was not delivered to the DRB, but only delivered to this Court, in support of the Town's motion to dismiss. This argument suffers from the same deficiency, since § 4464(a)(3) merely states that

---

* The Town did not assert, either in its motion or during the hearing on its motion, that Appellants' appeal was filed out of time, even though appeals of municipal land use determinations must be filed within thirty days of the appealed decision, pursuant to 10 V.S.A. § 8504(b)(1) and V.R.E.C.P. 5(b)(1).

† See 10 V.S.A. § 8504(b)(2)(A), which provides that a party not otherwise entitled to appeal may do so upon a showing that "there was a procedural defect which prevented the person from . . . participating in the proceeding . . . ." Appellants contend that they did not participate in the DRB hearing because they did not receive the Town's mailing.

an "applicant <u>may</u> be required to demonstrate proof of delivery to adjoining land owners . . . mailed to the last known address supported by a sworn certificate of service."  <u>Id</u> (emphasis added).  Because the language of the statute is permissive and provides no specific requirement that the certification be delivered to the DRB, we decline to use this statutory provision to deny dismissal.

For the reasons stated above, we **DISMISS** Appellants' appeal.  As a consequence of this determination, the August 26, 2013 DRB approval of the Town's application remains in full force and effect.

This completes the current proceedings before this Court in this matter.

_____          _____November 25, 2013_____
          Thomas S. Durkin, Judge                                    Date

=================================================================================

Date copies sent: _____                          Clerk's Initials: _____

Copies sent to:

   Attorney John R. Canney, III, attorney for Appellants Cynthia Beaudette and Alice Richter
   Attorney Robert M. Fisher, attorney for Applicant Town of Wilmington